IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BEN EZRA LYONS,                              )
                                             )
            Petitioner,                      )
                                             )
v.                                           )    Case No. CIV-08-540-C
                                             )
GREG PROVIENCE, Warden,                      )
                                             )
            Respondent.                      )

## REPORT AND RECOMMENDATION

Mr. Ben Lyons seeks a writ of habeas corpus under 28 U.S.C. § 2254.  The present
habeas petition is the second one, and Mr. Lyons has not obtained authorization from the
Tenth Circuit Court of Appeals.  Therefore, the Court should transfer the action to the Court
of Appeals.

In 2004, Mr. Lyons filed a habeas petition, and this Court denied relief.  *See Lyons v.
Sirmons*, Case No. CIV-04-632-C (W.D. Okla. Sept. 17, 2004) (unpublished op.) (adopting
the report and recommendation by a magistrate judge).  In the present action, Mr. Lyons
admittedly challenges the same state court conviction involved in the earlier habeas
proceeding.[1]

---

[1]      *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody
at pp. 11-12, Case No. CIV-08-540-C (W.D. Okla. May 20, 2008) (acknowledging the previous
filing of a "petition, application, or motion in a federal court regarding the conviction" being
challenged in the current petition); *compare* Petition for a Writ of Habeas Corpus Pursuant to 28
U.S.C. § 2254 by a Person in State Custody at p. 1, *Lyons v. Sirmons*, Case No. CIV-04-632-C
(W.D. Okla. May 20, 2004) (challenging the Oklahoma County District Court conviction on June
30, 2003), *with* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State
Custody at p. 1, Case No. CIV-08-540-C (W.D. Okla. May 20, 2008) (challenging the Oklahoma
County District Court conviction on June 30, 2003).

Federal law provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (2000); *see Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Without the proper authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).  Thus, when a second habeas petition is filed without authorization, the district court should transfer the entire action.  The Tenth Circuit Court of Appeals has stated:

> We agree with the reasoning of the Second Circuit.  Accordingly, when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.

*Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (*per curiam*).  Under this principle, the Court should transfer the action to the Tenth Circuit Court of Appeals.  Upon transfer, Mr. Lyons could seek authorization to pursue a second or successive petition for a writ of habeas corpus.

Mr. Lyons apparently argues that the petition is based on legal principles that were recognized after the decision in the prior habeas action.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 5, 5a, 13 (May 20, 2008); *see Anderson v. State*, 130 P.3d 273 (Okla. Crim. App. Feb. 22, 2006).  According to the Petitioner, the present action is not considered "successive" because the grounds had not

existed at the time of the first petition.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody at pp. 5, 5a, 13 (May 20, 2008).  This argument is

invalid as a matter of law.

"A pleading asserting a 'new ground for relief' from the state judgment is advancing

a new claim and is therefore treated as a successive § 2254 application."  *United States v.*

*Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (citation omitted).  Mr. Lyons contends that

the present grounds did not exist at the time of the first habeas petition.  *See supra* p. 2.  The

Petitioner can seek precertification on this ground, but the petition itself is still considered

"second or successive."[2]  The Court of Appeals can entertain the argument, but the district

court cannot do so.[3]

Mr. Lyons may file a written objection to this report and recommendation.  *See* 28

U.S.C. § 636(b)(1) (2000).  Any such objection must be filed with the Clerk of the United

States District Court.  The deadline for objection is June 24, 2008.  *See* W.D. Okla. LCvR

72.1.  A failure to timely object would result in waiver of the right to appeal the suggested

transfer.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[2]     *See Schwartz v. Neal*, 228 Fed. Appx. 814, 815 (10th Cir. Apr. 5, 2007) (unpublished op.)
("A post-judgment motion must be treated as a second or successive petition and certified by an
appellate panel if it asserts or reasserts a substantive claim to set aside a movant's criminal
conviction." (*per curiam*; citations omitted)).

[3]     *See Spitznas v. Boone*, 464 F.3d 1213, 1217 n.5 (10th Cir. 2006) (stating that the district
court "lacks jurisdiction to consider whether to permit the filing of a second or successive habeas
petition"); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (holding that a petitioner
cannot circumvent the precertification requirement in 28 U.S.C. § 2244(b)(3) for a second or
successive habeas petition by relying in the district court on a change in the substantive law).

The referral is terminated.

Entered this 4th day of June, 2008.

Robert E. Bacharach
United States Magistrate Judge